## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARC BENJAMIN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 17-2557-JAR** |
| **BOARD OF TRUSTEES OF BARTON COUNTY COMMUNITY COLLEGE,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This case was recently remanded by the Tenth Circuit Court of Appeals for trial on

Plaintiff Marc Benjamin's claim for retaliatory discharge under Kansas law.  Before the Court is

Defendant Board of Trustees of Barton County Community College's Motion to Reopen

Discovery for a Limited Purpose (Doc. 61).  The motion is fully briefed and the Court is

prepared to rule.  For the reasons explained below, Defendant's motion is granted.

**I.      Background**

Plaintiff brought three alternative state law claims against Defendant, his former

employer, arising out of his termination: breach of express contract, breach of implied contract

for continued employment, and common law retaliatory discharge.  The Court previously granted

Defendant's summary judgment motion on all claims.  The Tenth Circuit Court of Appeals

reversed this Court's judgment on Plaintiff's retaliatory discharge claim and remanded for trial.

Trial is set for December 7, 2020.  "Plaintiff seeks economic damages in the form of back

pay and fringe benefits from May 8, 2017 through trial, less earnings from interim

employment."[1]  This includes two years' worth of salary increases he claims he would have received but for his wrongful termination, and lost fringe benefits.  Additionally, Plaintiff "seeks compensatory damages for mental and emotional anguish, inconvenience, humiliation and embarrassment, as well as punitive damages."[2]  Defendant pleads in the Pretrial Order that Plaintiff's damages are not of "the nature and extent alleged particularly when plaintiff has mitigated his damages by accepting other employment."[3]

During discovery, Defendant served two written discovery requests on Plaintiff regarding his employment after termination.  First, Interrogatory No. 16 asked Plaintiff to identify "all employment in which you have engaged since the termination of your employment by defendant."[4]  This interrogatory asked for four specific items of information, including the name of the employer, Plaintiff's responsibilities, and the basis and amount of his compensation. Plaintiff responded on April 20, 2018, that he was employed by Campbell University as an Assistant Softball Coach, and at Todd Bradley Softball Camps, LLC as an instructor.  He provided Defendant with his responsibilities and compensation as requested by the interrogatory. Second, Defendant's Request for Production ("RFP") 7 asked for documentation of Plaintiff's income or compensation for any employment he has had since his termination by Defendant. Plaintiff responded on April 27, 2018, and provided documentation of his unemployment benefits and subsequent income.

Plaintiff left his employment at Campbell University and Todd Bradley Softball Camps in May 2018.  Discovery closed on June 29, 2018.  In July 2018, Plaintiff became the head coach

---

[1] Doc. 31 at 11.

[2] *Id.* at 12.

[3] *Id.* at 11.

[4] Doc. 64 at 2.  Neither party attached the discovery requests or responses to their briefs.

of softball at Northwest Kansas Technical College and was terminated in September; he has had more than one employer since that time.  Plaintiff did not supplement his responses to Interrogatory 16 or RFP 7 with his employment changes either before or after his original April 2018 responses.

## II.   Discussion

Defendant seeks to reopen discovery "for the limited purpose of investigating any material changes in circumstances relating to Mr. Benjamin's subsequent employment including the reasons for termination of any subsequent employment."[5]  It is within the Court's sound discretion whether to reopen discovery.[6]  The parties agree that the following factors guide the Court's determination of whether discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[7]

Trial is set for December 7, 2020, approximately four months away.  Pretrial deadlines are set in early November.  Plaintiff maintains that the discovery sought by Defendant would necessitate depositions of his subsequent employers, which would be unmanageable on top of trial preparation.  But Defendant's motion seeks to reopen discovery as follows: "third-party subpoenas to his subsequent employers to obtain copies of his personnel files and, if needed, a brief deposition of Mr. Benjamin on that same subject."[8]  At the recent Pretrial Conference held

---

[5] Doc. 65 at 2.

[6] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[7] *Id.* (citations omitted).

[8] Doc. 61 at 3.

3

after Defendant's motion was filed, Plaintiff's counsel stated he did not object to the deposition of his client.  Defendant maintains that it can achieve the discovery it seeks within sixty days, and Plaintiff has failed to demonstrate that such discovery would take longer than this period of time.  To ensure that the trial schedule is not impacted by this limited discovery, the Court will impose a deadline of November 6, 2020.

The balance of the other factors also weighs in favor of reopening discovery on the limited basis sought by Defendant.  Defendant was diligent in seeking discovery before the deadline passed, as evidenced by Interrogatory 16 and RFP 7.  Although Plaintiff timely responded to those discovery requests, he did not supplement his responses as required by Fed. R. Civ. P. 26(e)(1)(A).  The rule requires supplementation "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[9]  Yet, Plaintiff did not supplement, despite the fact that his subsequent employment changes rendered his original responses incomplete or incorrect. Although supplementation may be required by Court order, Plaintiff's obligation to supplement under Rule 26(e)(1)(A) continues after discovery closes and does not require a court order. Therefore, his argument that the scheduling order did not require him to supplement is not well taken.  Moreover, according to Defendant, Plaintiff has been on notice of the request for supplemental information since June 15, 2020, and has not yet supplemented his responses to these two discovery requests.  Defendant has been diligent in seeking discovery on this topic well before trial.

---

[9] Fed. R. Civ. P. 26(e)(1)(A).

Moreover, the need for information about Plaintiff's subsequent terminations was not foreseeable to Defendant before discovery closed.  While the Court does not find that Plaintiff willfully misled Defendant by failing to supplement his discovery responses, it is persuaded that the April 2018 discovery responses failed to put Defendant on notice that it should seek additional discovery about Plaintiff's subsequent terminations, or that there would be an issue about whether subsequent positions were comparable to the position he held with Defendant. Had Plaintiff supplemented his discovery responses in May 2018 when he separated from Campbell University and Todd Bradley Softball Camps, or in July 2018 when he was hired by Northwest Kansas Technical College, Defendant may have been on notice to seek further information about the circumstances of his separations at that time.  Instead, Defendant believed Plaintiff was still employed as stated in his original discovery responses and had no reason to follow up further.

Finally, the sought-after discovery is likely to lead to relevant evidence.  Plaintiff seeks economic damages in the form of lost wages from May 8, 2017 through trial, less earnings from interim employment.  The facts surrounding Plaintiff's interim employment are highly relevant to determining the appropriate amount of damages.[10]  Further, Defendant claimed in the Pretrial Order that Plaintiff's lost wages claim is lower than requested because he mitigated his damages by accepting other employment.  The information sought about Plaintiff's subsequent employment is highly relevant to this defense.[11]

---

[10] *See Campbell v. Husky Hogs, L.L.C.*, 255 P.3d 1, 9 (Kan. 2011) (explaining retaliatory discharge damages include "future lost wages, any other actual damages, and applicable remedies for pain and suffering, as well as punitive damages." (citing *Hysten v. Burlington N. Santa Fe Ry.*, 108 P.3d 437, 445 (Kan. 2004)).

[11] The Court does not rule on the issue of whether Defendant waived a mitigation of damages defense at this time.  It is not fully briefed by both parties and the Court need not decide this issue in order to resolve the motion to reopen discovery.

These factors outweigh the negligible prejudice to Plaintiff that may ensue by reopening discovery on a limited basis.  Although Plaintiff opposes third-party subpoenas to his subsequent employers about the circumstances of his termination, he does not oppose being re-deposed on this limited basis.  Moreover, any prejudice to him in responding to this limited discovery is mitigated by the fact that he failed to supplement as required by the rule, both before and after discovery closed.  For all of these reasons, the Court grants Defendant's motion to reopen discovery on the limited basis set forth in its motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Board of Trustees of Barton County Community College's Motion to Reopen Discovery for a Limited Purpose (Doc. 61) is **granted**.  This additional discovery shall be completed by November 6, 2020.

**IT IS SO ORDERED.**

Dated: August 18, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

6